**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| **D.B. Dean, Jr.** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| **ANDRIALIS GARCIA,** § | |
| **CLARISSA TRANSPORT CORP., and** § | |
| **WASHINGTON TRANSPORT CORP.,** § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, D.B. DEAN, JR., hereinafter called Plaintiff, complaining of and about ANDRIALIS GARCIA, CLARISSA TRANSPORT CORP., and WASHINGTON TRANSPORT CORP. hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I. PARTIES

1. Plaintiff, D.B. DEAN, JR., is an Individual who resides in Tyler County, Texas.

2. Defendant ANDRIALIS GARCIA, an Individual who is a resident of Florida, may be served with process at the following address: 15046 SW 155th Terrace, Miami, Florida 33187. Service of said Defendant as described above can be affected by personal service.

3. Defendant CLARISSA TRANSPORT CORP. a domestic for-Profit Corporation may be served by and through its Registered Agent, Andrialis Garcia, 15046 SW 155th Terrace, Miami, Florida 33187. Service of said Defendant as described above can be affected by certified mail, return receipt requested.

4. Defendant WASHINGTON TRANSPORT CORP. a domestic for-Profit Corporation may be served by and through its Registered Agent, Jose Rodriguez, 15046 SW 155th

Terrace, Miami, Florida 33187. Service of said Defendant as described above can be affected by certified mail, return receipt requested.

## II. JURISDICTION

5. The Court has jurisdiction over the lawsuit under 29 U.S.C. § 1332(a)(1) because plaintiff and defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## III. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise the claim occurred in this district.

## IV. CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## V. FACTS

8. On May 16, 2020 Plaintiff was involved in a motor vehicle collision with Defendants that occurred in Tyler County, Texas. At the time of the wreck, Plaintiff was driving his blue Ford pickup east bound on US Highway 190 attempting to make a left turn into a private drive. Defendant, Garcia, was operating a 2015 Kenworth Tractor VIN#1XKY049XXFJ459834 and towing a 2019 Wabash trailer VIN#1JJV532D7KL137647. As Plaintiff was attempting to make his left turn, Defendant Garcia attempted to pass Plaintiff to the left and Garcia's trailer struck Plaintiff's vehicle causing this wreck to occur.

9. According to the Texas Peace Officer's Crash Report prepared by the Texas Department of Public Safety, Defendant, Clarissa Transport, is the owner of the Kenworth tractor and Wabash trailer involved in the wreck. The Crash Report also identifies Clarissa Transport as

the Motor Carrier.  The Crash Report also identifies Carrier ID Number 03262604 which is registered to Defendant Washington Transport.

10. At all times material hereto, Defendant Garcia was operating the commercial motor vehicle and towing the trailer in his course and scope of employment with Defendants Clarissa Transport and Washington Transport.  Additionally, or in the alternative, Garcia was acting as the statutory employee, agent, servant, or representative of Defendants Clarissa Transport and Washington Transport at all times material hereto and was operating in the course and scope of that employment/agency when the wreck occurred.

11. The investigating Trooper found Garcia at fault in causing the wreck.  Section #36 "Contributing Factors" of the Crash Report identifies "failing to pass to left safely" on the part of Defendant Garcia as the cause of the wreck.  The Trooper placed no fault on Plaintiff.  Additionally, the investigating Trooper issued a citation to Defendant Garcia for "Fail to Pass to Left Safely."

## VI. CAUSES OF ACTION

12. Defendant Garcia was negligent in operating his commercial motor vehicle and trailer and his negligent actions and omissions were a proximate cause of the wreck forming the basis of this suit and Plaintiff's damages.  Defendant Garcia's negligent acts include, but are not limited to, the following:

   a. failing to pass to the left safely;

   b. failing to keep a proper lookout;

   c. failing to control his speed;

   d. failing to maintain a safe distance between his vehicle and Plaintiff's;

   e. failing to take proper evasive action; and

    f.  failing to control the travel of his trailer.

  13. Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Additionally, the conduct described above is also grossly negligent as that term is defined by Texas law.

  14. Defendant Garcia was acting as the employee, statutory employee, agent, servant, and/or representative of Defendants Clarissa Transport and Washington Transport at all times material hereto. And, Garcia was acting within the course and scope of said employment or agency at the time of the wreck forming the basis of this suit. As such, Defendants Clarissa Transport and Washington Transport are vicariously liable for negligent actions and omissions of Garcia that were a proximate cause of the wreck and Plaintiff's damages through the doctrine of Respondeat Superior. Further, at the time of the wreck, Defendant Garcia was operating the Kenworth commercial motor vehicle and Wabash trailer pursuant to certificates of authority issued by the United States Department of Transportation to Defendants Clarissa Transport and Washington Transport. Thus, pursuant to Federal motor carrier statutes (including but not limited to 49 C.F.R. §§ 376.11-376.12, 390.5, and Tex. Admin. Code §4.11(a)) and common law, Defendants Clarissa Transport and Washington Transport are absolutely liable for any damages to members of the motoring public resulting from the negligent operation of the motor vehicle, regardless of whether such damages resulted from (i) Defendants Clarissa Transport's and Washington Transport's, negligence in authorizing Garcia to drive the truck and trailer; (ii) Garcia's driving the truck and trailer as the statutory employee of Clarissa Transport and Washington Transport; and/or (iii) Clarissa Transport's and Washington Transport's. maintenance of the truck and trailer or supervision of Garcia in the operation of the truck and trailer.

15. Additionally, Defendants Clarissa Transport and Washington Transport are liable for their own actions and omissions constituting negligence.  Defendants Clarissa Transport and Washington Transport were negligent in the hiring, training, retention, and supervision of Garcia. These actions and omissions are also a proximate cause of the wreck and the damages sustained by Plaintiff.

## VII. DAMAGES

16. Mr. Dean sustained significant personal injuries in this wreck.  Plaintiff seeks to recover from Defendants, jointly and severally, any and all damages, whether at law or in equity, to which he may show himself justly entitled, both past and future, including but not limited to the following:

   a. medical/health care expenses;

   b. loss of earning capacity;

   c. physical pain;

   d. mental anguish;

   e. physical impairment; and

   f. loss of household services.

17. Plaintiff seeks to recover pre-judgment and post-judgment interest at the maximum rate allowed by law as well as court costs from Defendants.

## VIII. DEMAND FOR JURY TRIAL

18. Plaintiff, in accordance with Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury on all issues.

## IX. PRAYER

19. WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer and

that on final trial Plaintiff have:

    a.    Judgment for all damages, jointly and severally, whether at law or in equity, Plaintiff may show himself justly entitled;

    b.    Pre-judgment and post-judgment interest at the maximum legal rate allowed by law;

    c.    Costs of court; and

    d.    Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

CHANDLER, MATHIS & ZIVLEY, P.C.
P.O. Box 340
Lufkin, Texas 75902-0340
Phone: (936) 632-7778
Fax: (936) 632-1304

By: _/s/ Kirk Mathis_
Kirk Mathis
Texas Bar No. 24006078
kmathis@cmzlaw.net

ATTORNEY FOR PLAINTIFF